

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00776-CR

Victor Manuel **HERNANDEZ**, Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2021CR10246
Honorable Jennifer Peña, Judge Presiding

Opinion by:    Lori I. Valenzuela, Justice

Sitting:    Lori I. Valenzuela, Justice
Adrian A. Spears II, Justice
H. Todd McCray, Justice

Delivered and Filed: July 1, 2026

AFFIRMED IN PART; REVERSED AND REMANDED IN PART

Appellant Victor Hernandez, Jr. appeals his convictions for aggravated sexual assault of a child and indecency with a child. Hernandez claims the evidence is insufficient to support the aggravated sexual assault conviction and that the trial court committed error during the outcry witness testimony. We affirm the judgment on Count I and reverse and remand the judgment on Count II on punishment only.

## BACKGROUND

Hernandez worked at Little Treasures daycare where the victim, I.G., attended.[1] After attending for two weeks, I.G. told her mother, M.T., that Hernandez had been touching her in her private area at the daycare. M.T. called the San Antonio Police Department and Officer Joel Pavon was dispatched as the reporting officer. At Pavon's suggestion, M.T. took I.G. to the hospital for a SANE ("Sexual Assault Nurse Examiner") examination. Nurse Julie Vereen performed the sexual assault exam on I.G. I.G. told Vereen that Hernandez had touched her vagina with his finger, that it had hurt, and that it was on the inside of her clothes.

Hernandez was convicted of aggravated sexual assault of a child (Count I), a first-degree felony, and indecency with a child by contact (Count II), a second-degree felony. At the conclusion of the sentencing hearing, the trial court announced, "I'm going to assess punishment at 35 years in the Texas Department of Corrections," and did not differentiate between the two counts. The trial court signed separate judgments on each count, and each judgment sentenced Hernandez to thirty-five years' incarceration.[2] In this appeal, Hernandez challenges the sufficiency of the evidence to support the verdict for Count I, the aggravated sexual assault of a child charge, and complains that the trial court erred in rulings made during M.T.'s outcry witness testimony.

## ANALYSIS

### *Evidentiary Sufficiency of Aggravated Sexual Assault*

In his first issue, Hernandez claims the evidence from the State's witnesses was insufficient to show he penetrated I.G.'s sexual organ. *See* TEX. PENAL CODE § 22.021(a)(1)(B)(i). He argues that I.G.'s testimony was "too vague" to support the penetration element required for an aggravated

---

[1] To protect the privacy of the child complainant, this opinion identifies her and her mother by their initials. TEX. R. APP. P. 9.10(a)(3).

[2] Neither judgment indicated whether Hernandez's sentences were to run concurrently or consecutively.

sexual assault. Hernandez further argues that the SANE examination did not find sufficient medical evidence of penetration. Finally, he asserts Officer Pavon's interviews with M.T. and I.G. did not establish there had been penetration.

*Standard of Review and Applicable Law*

When reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the verdict to determine whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original); *Arroyo v. State*, 559 S.W.3d 484, 487 (Tex. Crim. App. 2018). As the reviewing court, we must "defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony." *Baez v. State*, 486 S.W.3d 592, 594 (Tex. App.—San Antonio 2015, pet. ref'd) (citation omitted). Although juries may not speculate, they may "draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). When the record supports conflicting inferences, we presume the jury resolved the conflicts in favor of the verdict and we defer to that determination. *Jackson*, 443 U.S. at 319; *Clayton*, 235 S.W.3d at 778.

Hernandez was convicted of two offenses under—aggravated sexual assault and indecency with a child by contact. Section 22.021(a)(1)(B), aggravated sexual assault states a person commits an offense by "intentionally or knowingly" causing "the penetration of the anus or sexual organ of a child by any means[.]" TEX. PENAL CODE § 22.021(a)(1)(B)(i). A person commits indecency with a child by contact under Texas Penal Code section 21.11 by engaging in sexual contact with a child, meaning touching the anus, breast, or any part of the genitals with the intent to arouse or

gratify the sexual desire of any person, including touching through clothing.[3] TEX. PENAL CODE § 21.11.

"[P]enetration occurs when there is tactile contact beneath the fold of complainant's external genitalia[.] . . . [I]t is not inaccurate to describe conduct as a penetration, so long as the contact with the complainant's anatomy could reasonably be regarded by ordinary English speakers as more intrusive than contact with her outer vaginal lips." *Cornet v. State*, 359 S.W.3d 217, 226 (Tex. Crim. App. 2012) (internal quotation marks, alterations, and footnote omitted). However, "pushing aside and reaching beneath a natural fold of skin into an area of the body not usually exposed to view, even in nakedness, is a significant intrusion beyond mere external contact." *Vernon v. State*, 841 S.W.2d 407, 409 (Tex. Crim. App. 1992). Furthermore, "the statute does not require flesh-to-flesh contact[.]" *IslasMartinez v. State*, 452 S.W.3d 874, 877 (Tex. App.—Dallas 2014, pet. ref'd); *see also Rodda v. State*, 926 S.W.2d 375, 378 (Tex. App.—Fort Worth 1996, pet. ref'd) ("[P]enetration of the vaginal lips with his hand or fingers outside her clothing would, nonetheless, constitute penetration. . . . It does not matter whether his hand was . . . between her panties and her shorts or outside her shorts so long as his hand accomplished the penetration.").

*Application*

Hernandez complains that inconsistent and vague statements made by I.G. were insufficient to show penetration and at most showed indecent contact with a child. During I.G.'s SANE examination, she stated that Hernandez had touched her vagina with his finger inside her

---

[3] Hernandez was also convicted of one count of indecency with a child by contact, but he only challenges the sufficiency of the evidence of the first count of aggravated sexual assault. While "indecency with a child is a lesser-included offense of aggravated sexual assault of a child when both offenses are predicated on the same act," *Evans v. State*, 299 S.W.3d 138, 143 (Tex. Crim. App. 2009), I.G. testified to multiple incidents of touching, thus supporting the two counts.

underwear and inside from where she pees. I.G. also stated that Hernandez would rub his fingers back and forth over her genital area and that it hurt. At trial, she reiterated these facts, but also testified that Hernandez's hand did not go "inside." However, any apparent conflicts in I.G.'s earlier statements during the examination about penetration and her testimony at trial were a credibility issue for the jury to resolve. *Jackson*, 443 U.S. at 319; *Bledsoe v. State*, 479 S.W.3d 491, 494–95 (Tex. App.—Fort Worth 2015, pet. ref'd) (holding evidence was sufficient to support aggravated sexual assault of a child where the outcry testimony and trial testimony differed regarding penetration).

Hernandez further complains there is insufficient evidence to support his conviction because there was no physical evidence of penetration. Vereen testified, however, that the "[m]ajority of the examinations of sexually abused children are normal or nonspecific regardless of the type of sexual abuse." She further testified that her "findings can be attributed to both traumatic and nontraumatic causes" and that "[h]istory supports sexual contact or abuse/assault." Vereen also noted mild redness to the labia majora which she was unable to say was caused by traumatic or nontraumatic events. While Hernandez complains this lack of physical evidence is insufficient to show there was penetration, "uncorroborated testimony of a sexual assault victim alone is sufficient to support a conviction for aggravated sexual assault of a child." *Tavarez v. State*, 714 S.W.3d 64, 70 (Tex. App.—El Paso 2023, pet. ref'd) (citing TEX. CODE CRIM. PROC. art. 38.07(a)). As noted above, I.G. testified that Hernandez touched her vagina inside her clothes. From I.G.'s testimony and the medical evidence from the SANE examination, the jury could have rationally concluded beyond a reasonable doubt that penetration had occurred. *Jackson*, 443 U.S. at 319; *see Vernon*, 841 S.W.2d at 409 ("Consequently, it is not ungrammatical to describe Appellant's touching of complainant in this case as a penetration, so long as contact with the

injured part of her anatomy could reasonably be regarded by ordinary English speakers as more intrusive than contact with her outer vaginal lips.").

Finally, Hernandez argues that Officer Pavon testified that during his interview with M.T., she was not certain if there was penetration. While his report included I.G.'s statements about kissing and touching, it did not reflect an outcry of penetration. We agree with Hernandez. However, viewing the evidence in the light most favorable to the jury verdict, the evidence was sufficient to support Hernandez's conviction for aggravated sexual assault of a child. We overrule Hernandez's first issue.

### *Trial Errors-Confrontation Clause*

Hernandez argues his Confrontation Clause rights were violated when the trial court limited the subject matter on which Hernandez's attorney was able to cross-examine M.T.

### *Standard of Review and Applicable Law*

Confrontation Clause issues must be preserved for appellate review. TEX. R. APP. P. 33.1(a)(1)(A); *Davis v. State*, 313 S.W.3d 317, 347 (Tex. Crim. App. 2010). Generally, before presenting a complaint for appellate review, the complaint must have been timely made to the trial court with specificity and ruled on. TEX. R. APP. P. 33.1(a)(1)(A). "[A]ll a party has to do to avoid the forfeiture of a complaint on appeal is to let the trial judge know what he wants, why he thinks himself entitled to it, and to do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it." *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992).

### *Application*

In an effort to address how "instability in the household can account for a lot of [I.G.'s] issues," defense counsel asked M.T. a series of questions about M.T.'s romantic relationship, an

alleged assault, and M.T.'s bills. The trial court repeatedly instructed Hernandez's counsel to "move on" after the questions. Counsel continued questioning M.T. without objecting to the court's limitation. Thus, Hernandez "made no attempt to inform the trial court what line of questioning he would have pursued or what answers he would have sought to elicit upon further cross-examination." *Dollins v. State*, 460 S.W.3d 696, 698 (Tex. App.—Texarkana 2015, no pet.). He therefore did not preserve this issue for our review. Accordingly, Hernandez's second issue is overruled.

### *Trial Errors-Testimony on PTSD*

Finally, Hernandez argues M.T. gave improper testimony concerning I.G.'s PTSD diagnosis because she was a non-expert. M.T. initially offered the testimony at issue in response to questioning from Hernandez. Specifically, M.T. was asked if I.G. had been diagnosed with any disabilities other than dyslexia. On redirect, the State asked M.T. about "the source of the PTSD that [the doctor] gave her and the diagnosis and what caused it." Hernandez objected on hearsay grounds, which the court initially sustained. The State argued that Hernandez had opened the door to the testimony concerning the source of the PTSD by asking about the diagnosis under the rule of optional completeness. Hernandez then argued that M.T. was not qualified to discuss the source of the diagnosis. The trial court overruled the hearsay objection. Ultimately, the State elicited the single response, "It [PTSD] was the result of the sexual abuse from Victor [Hernandez]."

### *Standard of Review and Applicable Law*

We review a trial court's decision to admit evidence over objection under an abuse of discretion standard. *Apolinar v. State*, 155 S.W.3d 184, 186 (Tex. Crim. App. 2005). "The trial court abuses its discretion when the decision lies outside the zone of reasonable disagreement." *Id*.

Hearsay is an out-of-court statement offered into evidence "to prove the truth of the matter asserted in the statement." TEX. R. EVID. 801(d). Statements falling within this definition, and not exempted by one of the hearsay exemptions, are excluded from evidence. TEX. R. EVID. 802. "Any [non-constitutional] error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." TEX. R. APP. P. 44.2(b). "The admission of inadmissible hearsay testimony is non-constitutional error, and it will be considered harmless if, after examining the record as a whole, this court is reasonably assured the error did not influence the jury's verdict or had but a slight effect." *Fields v. State*, 515 S.W.3d 47, 55 (Tex. App.—San Antonio 2016, no pet.). When assessing harm, the reviewing court considers "everything in the record, including any testimony or physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, the character of the alleged error and how it might be considered in connection with other evidence in the case." *Morales v. State*, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000).

*Application*

We will assume without deciding that the PTSD testimony about which Hernandez complains was inadmissible hearsay. We must consider everything in the record to determine if the sentence elicited by the State was harmful. *See id.* We conclude M.T.'s testimony regarding I.G.'s PTSD diagnosis was not harmful. *See* TEX. R. APP. P. 44.2(b). I.G.'s testimony at trial described the actions by Hernandez and explained it happened on several occasions. Vereen testified that I.G. told her Hernandez's fingers were inside where she peed, that it hurt, and that it happened several times. The testimony of M.T. described a sufficient change in I.G.'s behavior before the PTSD diagnosis was discussed. Whether or not I.G. was diagnosed with PTSD because of the incidents did not influence the jury's verdict or had but a slight effect. Hernandez's third issue is overruled.

***Void Judgment-Count II***

While we overrule Hernandez's issues and uphold the guilty verdicts and the punishment in Count I, we must reverse and remand on Count II for a new trial on punishment only. The judgment on Count II assesses punishment at thirty-five years' incarceration. However, the charge, indecency with a child by contact, is punishable as a second-degree felony. *See* TEX. PENAL CODE § 21.11(a)(1), (d). A second-degree felony is punishable "by imprisonment in the Texas Department of Criminal Justice for any term of not more than 20 years or less than 2 years." TEX. PENAL CODE § 12.33(a). Thus, the punishment as noted in the judgment is outside the maximum range of punishment.

"A sentence that is outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal." *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003). "As a result, a sentence outside the statutory punishment range for an offense is void and must be reversed." *Farias v. State*, 426 S.W.3d 198, 200 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd). While Hernandez does not present the issue in his appeal, a void sentence cannot be waived. *See id.*; *Barton v. State*, 962 S.W.2d 132, 139 (Tex. App.—Beaumont 1997, pet. ref'd) (raising *sua sponte* issue of judgment assessing punishment below punishment range); *O'Reilly v. State*, 501 S.W.3d 722, 729 (Tex. App.—Dallas 2016, no pet.) ("An illegal sentence cannot be waived and may be challenged at any time."); *Harris v. State*, 670 S.W.2d 284, 285 (Tex. App.—Houston [1st Dist.] 1983, no pet.) (although not raised by defendant, court of appeals can take notice of illegal sentence which exceeds statutory maximum and "has the power to reform and correct judgments and hereby does so by striking the requirement that appellant pay a fine as part of his punishment in this case."). Moreover, our court can "always take notice of an illegal sentence when the defendant appealed on any basis." *Mizell*, 119 S.W.3d at 807.

Because there is a void sentence in the judgment of the trial court, we must reverse judgment. However, because the basis of the reversal is predicated on a sentencing error, the court shall commence the new trial as if a finding of guilt had been made and proceed to punishment. TEX. CODE CRIM. PROC. art. 44.29(b).

## CONCLUSION

The judgment for Count I is affirmed. The judgment in Count II is reversed in part and remanded to the trial court for a new trial on punishment. *See id.*

Lori I. Valenzuela, Justice

DO NOT PUBLISH